

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2003

# McLaurin v. Larkins

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-3407

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"McLaurin v. Larkins" (2003). *2003 Decisions.* Paper 268.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/268

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

NO. 00-3407

STEVEN MCLAURIN,
                                        Appellant

v.

DAVID LARKINS

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 00-cv-00177E)
District Judge: Hon. Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
September 2, 2003

Before:  SLOVITER, NYGAARD and ROTH, Circuit Judges

(Filed:  September 18, 2003)

OPINION OF THE COURT

SLOVITER, Circuit Judge.

## I.

Appellant Steven McLaurin appeals to this court from the order of the District Court dismissing his 28 U.S.C. § 2254 petition for habeas corpus relief and denying his requested certificate of appealability. Because the District Court did not have the benefit of our recent decision in Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2003), we will remand to the District Court to consider McLaurin's ex post facto claims in light of Mickens-Thomas.

## II.

Inasmuch as the parties are familiar with the factual and procedural background of this case, we refer only to those facts as are pertinent to the issue under consideration. McLaurin is currently serving a twelve and a half to twenty five year prison sentence for robbery and criminal conspiracy to commit robbery. His minimum date of incarceration expired on December 30, 1995, whereas his maximum date of incarceration will end on June 30, 2008. McLaurin was last interviewed for parole on July 15, 1998. The Pennsylvania Board of Probation and Parole ("Board") denied parole at that time.

Following this denial of parole, McLaurin sought declaratory relief in the Pennsylvania Commonwealth Court, which dismissed his claims. After unsuccessfully filing a petition for allowance of appeal in the Pennsylvania Supreme Court, McLaurin filed a petition for a writ of habeas corpus in the United States District Court for the

2

Western District of Pennsylvania on May 24, 1999. His petition was referred to a Magistrate Judge who issued a report and recommendation, which the District Court adopted as its own opinion on March 22, 2000.[1] The District Court rejected McLaurin's ex post facto claims and denied a certificate of appealability because McLaurin "has not made a substantial showing of the denial of a constitutional right." Exhibit C at 34 (Br. of Appellant). McLaurin appealed to this court.

## III.

The District Court denied McLaurin's ex post facto claims long before our decision in <u>Mickens-Thomas</u>, where we held that the retroactive application of the 1996 amendment to Pennsylvania's Parole Act's statement of public policy violated the Ex Post Facto Clause. 321 F.3d at 393. To be exact, we held that "to retroactively apply changes in the parole laws made after conviction for a life sentence in Pennsylvania that adversely affect the release of prisoners whose sentences have been commuted, violates the Ex Post Facto clause." <u>Id.</u>

Admittedly, the holding of <u>Mickens-Thomas</u> does not directly control every issue in the case before us as McLaurin, unlike Mickens-Thomas, is not serving a life sentence that has been commuted. Also, Mickens-Thomas challenged only the Parole Act's public policy statement whereas McLaurin challenges that statement, in addition to various other

---

[1] Because the District Court adopted the Magistrate Judge's report and recommendation, we will refer to the adopted opinion as that of the District Court.

parole requirements. Specifically, McLaurin challenges the requirement that there must be an affirmative agreement of three reviewers to grant parole to "violent offenders," the requirement for the Board's Chairman to certify as a prerequisite to parole eligibility that a parole applicant has complied with all statutory requirements including a requirement that a "violent offender" has served at least one year in a prerelease center,[2] and the requirement that the Board consider and determine whether the parole applicant has served the minimum sentence recommended by the Pennsylvania Sentencing Guidelines. Br. of Appellant at 14-15. Notwithstanding that McLaurin's ex post facto challenges are broader than that at issue in <u>Mickens-Thomas</u>, our thorough ex post facto analysis in <u>Mickens-Thomas</u> is highly instructive and we believe the District Court may have treated McLaurin's petition differently if it had had the benefit of that decision. Thus, we remand McLaurin's case to the District Court to reconsider its ex post facto claims in light of <u>Mickens-Thomas</u>.

It should be noted that in <u>Mickens-Thomas</u>, we remanded the case to the District Court to order the Board to conduct a new hearing for Mickens-Thomas applying the pre-1996 statute. 321 F.3d at 393; <u>see</u> <u>also</u> <u>Hollawell v. Gillis</u>, 2003 U.S. App. LEXIS 7718 (3d Cir. 2003) (in light of <u>Mickens-Thomas</u>, remanding to the district court to order

---

[2]   In its brief, the Commonwealth states that that section was not applied to McLaurin's application and notes that the Board of Probation and Parole conceded in <u>Myers v. Ridge</u>, 712 A.2d 791 (Pa. Cmwlth. 1998), that it could not constitutionally apply the amended statute to a prisoner who committed his crime before the date of the amendment.

4

Board to conduct new hearing for prisoner with pre-1996 statute).[3]  At minimum, on remand, the District Court should do the same.

For the reasons set forth above, we will vacate the order of the District Court and remand for its consideration as set forth above.

_____

TO THE CLERK:

Please file the foregoing opinion.


_____
/s/ Dolores K. Sloviter
Circuit Judge

_____

[3]    Pennsylvania's Attorney General has recently filed a Petition for Certiorari to the United States Supreme Court in both Mickens-Thomas and Hollawell.  Thus, the District Court may choose to stay this matter on remand pending the Supreme Court's decision on that Petition.